Mrs. Edward WILSON, Plaintiff
and Appellant,

v.

FAMILY SERVICES DIVISION,
REGION TWO, State of Utah,
Defendant and Respondent.

No. 15033.

Supreme Court of Utah.

Nov. 17, 1977.

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Franklyn B. Matheson, Asst. Atty. Gen., Salt Lake City, Ernest W. Jones, Asst. Weber County Atty., Ogden, for defendant and respondent.

ELLETT, Chief Justice:

This case was before us in 1976 wherein Mrs. Wilson appealed from a ruling of the trial court to the effect that she, as a grandmother, had no standing to interfere with the Family Services Division in its placement of her grandson for adoption.[1] This Court reversed and held that the blood relationship between grandparent and grandchild is such that the court should have continued a stay of proceedings order until the grandmother could have her day in court.

That day as now been had. Mrs. Wilson's counsel called the members of the defendant's committee on the placement of children and tried to show that they acted arbitrarily and capriciously in placing the child in an adoptive home. He also tried to show that the committee never considered his client as a possible person to adopt the child. Mrs. Wilson also gave testimony as to her ability to rear the child, etc.

The trial court heard the testimony and held that in considering the placement of the child for adoption, the defendant (respondent) did not act capriciously or arbitrarily in any manner. All the committee witnesses testified that they had seriously considered the grandmother as one to whom adoption could be permitted, but that the welfare of the child was the paramount item in making the determination that they made.

At the hearing from which this appeal was taken, the witnesses were still of the opinion that the child should be left in the home in which he has resided for several years past. The trial court was justified in ruling as it did, and we should not substitute our judgment for that of the trial judge unless his judgment is clearly arbitrary or capricious and not based on the evidence.

In this case, the judge learned that Mrs. Wilson had been married three times; that she refused to speak to the mother of the child; that the mother voluntarily surrendered the child to the defendant for the purpose of adoption and specifically requested that the defendant not place the child with the grandmother. The court acted properly in making its ruling.

The judgment of the trial court is affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

---

1. *Wilson v. Family Services*, Utah, 554 P.2d 227 (1976).